# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Cara B.,
**Petitioner Below, Petitioner**

**vs.)  No. 22-0212** (Putnam County CC-40-2021-D-AP-8)

Brandon B.,
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cara B.[1] appeals the February 24, 2022, order of the Circuit Court of Putnam County denying the petition for appeal stemming from the November 18, 2021, order of the Family Court of Putnam County, which modified the parenting plan for the parties' minor child.[2] Upon our review, we determine that the family court abused its discretion in the modification of the parenting plan, and, thus, the decision must be vacated. Because this case presents no substantial question of law, we find that it satisfies the "limited circumstances" of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision rather than an opinion.

Petitioner and respondent have one child, B.B., and they are currently before this Court following a modification of a parenting plan. The parties previously exercised a fifty-fifty custody plan for the child. The parties have appeared for multiple modification hearings and the court ultimately appointed a guardian ad litem to represent the interests of the child.[3]

At a review hearing in December 2020, the family court found the fifty-fifty parenting plan initially ordered by the court was manifestly harmful to the child and it modified the parties' parenting time. Specifically, the court ordered that respondent receive parenting time with the child for three weekends in a row from Friday to Sunday evening, with petitioner to receive all other

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Petitioner appears by counsel Maggie J. Kuhl. Respondent was self-represented in the proceedings below and has not appeared in this appeal. The minor child appears by guardian ad litem Joseph W. Hunter.

[3] In August 2020, the court held a hearing on a petition for modification, maintained the fifty-fifty custody arrangement, ordered the parties to participate in high conflict counseling, and ordered weekly calls between the parties to discuss the child.

parenting time.[4] Thereafter, on May 3, 2021, the court found respondent in contempt of court for failing to complete court-ordered counseling sessions and ordered the parties to continue the three-weekend schedule during the school year, but ordered a week on/week off schedule during summer breaks.

The family court conducted a hearing on August 16, 2021, where the guardian ad litem testified that the child was happy with the current schedule, but the guardian ad litem recommended that the court modify the weekend schedule to allow respondent parenting time to Friday to Monday, rather than Friday to Sunday. Dr. Timothy Saar had recently provided a letter to the court wherein he opined that neither parent possessed psychiatric indicators that would disqualify them from co-parenting and that any uncooperative behaviors of the parents are voluntary and willful. Per Dr. Saar, petitioner wanted additional weekend time with the child to enjoy some non-school time, but should this occur Dr. Saar opined that additional time should be granted to respondent.

The court found that the lack of communication between the parties as well as their inability to co-parent represented a change in circumstances that required the court to modify the custodial allocation. Instead of adopting the changes recommended by the guardian ad litem, the court drastically amended the plan to a parenting plan that was largely based on the school calendar. Accordingly, petitioner was granted primary custody during the school year, with respondent getting custody of the child every other weekend, from Friday after school until school starts on the following day of school. Respondent was granted primary custody of the child during the summer, and petitioner was granted custody every other weekend, as well as two weeks of nonconsecutive vacation. Respondent was granted custodial time for the week of spring break.

Petitioner appealed the family court order to the circuit court. In affirming the family court's order, the circuit court found that the parents' inability to co-parent, communicate, and cooperate with each other warranted modification of the parenting plan to limit the interactions between the parties. The circuit court also found that a report from the child's counselor indicated that the parents' lack of cooperation was both willful and voluntary and that negative interactions between the parties was detrimental to the child.

Petitioner now appeals. She argues that the court abused its discretion in awarding respondent additional parenting time when respondent, in contempt of the court's orders, refused high-conflict counseling, refused to co-parent, and failed to act in accordance with the child's best interests. Additionally, petitioner argues that the court's significant deviation from the recommendations of the guardian ad litem and Dr. Saar was clearly erroneous. Finally, she argues that the court erred in failing to consider the practical effect of the parenting plan in light of the fact that petitioner handles virtually all medical debt.

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion

---

[4] The court also directed the parties to follow the court's holiday schedule.

standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Thomas v. Morris*, 224 W. Va. 661, 687 S.E.2d 760 (2009).

First, we address petitioner's argument that the court abused its discretion by modifying the parenting plan and increasing respondent's parenting time with the child.[5] West Virginia Code § 48-9-401(a) provides that:

> Except as provided in § 48-9-402 or § 48-9-403 of this code, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

As we have explained,

> the statute establishes three criteria for change-in-circumstances modifications. *First*, the facts relevant to the change in circumstances must not have been "known" or "anticipated" in the order that established the parenting plan. *Second*, the change in circumstances, whether "of the child or of one or both parents[,]" must be "substantial[.]" *Third*, the modification must be "necessary to serve the best interests of the child."

*Jared M. v. Molly A.*, 246 W. Va. 556, 561, 874 S.E.2d 358, 363 (2022) (citations omitted).

In granting the petition for modification, the court found that "[t]here continues to be a lack of communication between the parties" and that the "the lack of communication between the parties as well as their inability to co-parent" is a change in circumstances that requires the court to modify the custodial allocation.[6] These findings appear to be facially inconsistent. Rather, the testimony clearly establishes that the communication issues between the parties were not a substantial change of circumstances, as they have persisted for many years, if not the entirety of the child's life. Thus, the family court erroneously found that there was a change of circumstances. Additionally, the family court abused its discretion in applying the law to the facts. Accordingly, we reverse and remand this matter for entry of a new order. To the extent that the court finds that

---

[5] Petitioner also argues that the parenting plan is contrary to both the guardian ad litem's recommendation and the recommendation of the child's counselor. Although the court should weigh all of the evidence, including that of the guardian ad litem and other professionals, the court is not required to adopt the recommendation of the guardian ad litem or other professionals.

[6] Further, although West Virginia Code § 48-9-402 allows for a modification without a showing of changed circumstances, such a modification is only allowed in limited circumstances. The parties do not argue, and the Court does not find, that any of those limited circumstances are applicable here.

there was a change in circumstances necessitating a modification, we direct the court to address the criteria as delineated in the West Virginia Code and as discussed in *Jared M.*, See, 246 W. Va. at 561, 874 S.E.2d at 363.

Petitioner also argues that although she is responsible for the child's medical care and major decisions, the parenting plan is not conducive to meeting the child's needs because respondent refuses to cooperate with appointments and has physical custody of the child during the summer and long weekends. Thus, petitioner claims that the court must consider the practical effect of its parenting allocation and must also ensure that the primary and secondary objectives of a parenting allocation as delineated West Virginia Code § 48-9-102 are satisfied. We agree. Further, we note that the court directed a "parallel parenting" plan,[7] a concept that has not been recognized by this Court. Accordingly, on remand to the family court, we direct the family court to ensure that the parenting allocation is consistent with West Virginia Code § 48-9-102 and that it serves the best interests of the child.

For the foregoing reasons, we reverse the circuit court's February 24, 2022, order and remand the matter to the circuit court with directions to vacate the family court's November 18, 2021, order and remand the matter to the family court. The court is directed to timely conduct a hearing and enter an order in compliance with the guidance provided by this Court. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded with directions.

**ISSUED:** November 17, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[7] Petitioner also argues that the "parallel parenting plan" affords respondent with more discretionary time with the child since she has custody of the child largely during the school year and respondent has custody over the summer. We agree. Accordingly, we direct the family court to address this discrepancy on remand.

4